NUMBER 13-09-00242-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


JOSE COLIN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 214th District Court of 


Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez A jury found appellant, Jose Colin, guilty of one count of sexual assault (1) and one
count of prohibited sexual conduct. (2) The trial court sentenced appellant to life
imprisonment on the sexual assault offense and forty years' imprisonment on the
prohibited sexual assault offense, with the sentences to run consecutively. (3) The trial court
certified appellant's right to appeal, and this appeal followed. We affirm.

I. Anders Brief 


 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the
record yielded no grounds or error upon which an appeal can be predicated. Although
counsel's brief does not advance any arguable grounds of error, it does present a
professional evaluation of the record demonstrating why there are no arguable grounds to
be advanced on appeal. (4) 

 In compliance with High v. State, (5) appellant's counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court's judgment. Counsel has
informed this Court that he has: (1) examined the record and found no arguable grounds
to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on
appellant, and (3) informed appellant of his right to review the record and to file a pro se
response. (6) More than an adequate period of time has passed, and appellant has not filed
a pro se response. (7) 

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (8) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (9) Accordingly, we affirm the judgment of the trial court in each case.

III. Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. (10) We grant counsel's motion to withdraw. 

 Within five days of the date of this Court's opinion, counsel is ordered to send a
copy of the opinion and judgment to appellant and to advise appellant of his right to file a
petition for discretionary review. (11)


Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

19th day of August, 2010. 
1. See Tex. Penal Code Ann. § 22.011(a)(1)(A) (Vernon Supp. 2009). 
2. See id. § 25.02 (Vernon Supp. 2009). Enhancement paragraphs made appellant subject to
punishment under section 12.42(d) of the penal code, see Tex. Penal Code Ann. § 12.42(d) (Vernon Supp.
2009) (providing for punishment range of 25 to 99 years or life in prison), and section 12.42(c)(2)(A)(i), (B)(ii),
see id. § 12.42(c)(2)(A)(i), (B)(ii) (Vernon Supp. 2009) (providing for mandatory life sentence). 
3. See id. § 3.03(b)(2)(A) (Vernon Supp. 2009). 
4. We note that although counsel's brief does not specifically cite Anders, we know of no requirement
that it do so, as it meets all the requirements of Anders. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel
finds none, but it must provide record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.));
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 
5. High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). 
6. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d
at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with
the rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d at 409 n.23 (quoting Wilson v. State, 955
S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)). 
7. See In re Schulman, 252 S.W.3d at 409 n.23. 
8. Penson v. Ohio, 488 U.S. 75, 80 (1988). 
9. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record
for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate
Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
10. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v.
State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous.") (citations omitted)). 
11. See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to
seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. See Tex.
R. App. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.